**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1 SW Columbia Street, Ste. 900
Portland, Oregon 97204
Telephone: (503) 221-1772
Fax: (503) 221-1074
        Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF THE CONTRACT ADMINISTRATION FUND and THE PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No.<br><br><br>**COMPLAINT**<br>(Breach of Collective Bargaining Agreement and Violation of ERISA) |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| S MADISON SERVICES LLC, | ) ) | |
| Defendant. | ) ) ) | |

Plaintiffs allege:

Page 1 – **COMPLAINT**

I

## THE PARTIES

1.    Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Apprenticeship Fund), the Contract Administration Fund (Contract Fund) (collectively, the "Trust Funds") and the Pacific Northwest Regional Council of Carpenters (Union).

2.    The Health Fund, Vacation Fund and Apprenticeship Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Health Fund, Vacation Fund, Apprenticeship Fund and Pension Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Health Fund, Pension Fund, Vacation Fund and Apprenticeship Fund have discretionary authority and control over the management of the Trust Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3.    The Union is a labor organization with its principal office and place of business in SeaTac, Washington.  The Union is the successor to the Pacific Northwest District Council of Carpenters.

///      ///

Page 2 – **COMPLAINT**

BROWNSTEIN | RASK LLP
1 SW COLUMBIA STREET // SUITE 900
PORTLAND, OR 97204
P 503.221.1772 F 503.221-1074

4.      The Contract Fund is a trust fund created pursuant to a trust agreement.  The Contract Fund is governed by a board of trustees. The principal purpose of the Contract Fund is to promote the construction industry.

5.      Defendant is an Oregon limited liability company. At all times material to this proceeding (May 13, 2019, forward), defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

II

## JURISDICTION

6.      The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Health Fund, Pension Fund, Vacation Fund and Apprenticeship Fund against Defendant for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

7.      At all times material to this proceeding (May 13, 2019, forward), defendant has been bound by a collective bargaining agreement (CBA) with the Union.  The CBA covers employees in an industry affecting commerce, and the activities of defendant affect commerce. The Court also has jurisdiction over the Claim for Relief brought by each plaintiff against defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

///      ///

///      ///

Page 3 – **COMPLAINT**

III

## JOINDER

8.     The obligations of defendant to plaintiffs arise out of the same collective

bargaining agreement.  Common questions of law and fact govern the claims each plaintiff has

against defendant.

IV

## FIRST CLAIM FOR RELIEF

9.     At all times material herein (May 13, 2019, forward), defendant has been bound

by a CBA negotiated by the Union.  Under the terms of the CBA, defendant agreed to be bound

by the terms and conditions of the Trust Agreements that created the Trust Funds.  Defendant

further agreed to pay fringe benefit contributions on behalf of its employees performing work

covered by the CBA to the Trustees of the Trust Funds.  Defendant further agreed to file monthly

remittance report forms and to pay fringe benefit contributions to the Trustees of the Trust Funds

by the 20th day of the month following the month in which the work was performed.

10.     The Trust Agreements that created the Trust Funds provide that the Trustees for

each Trust Fund have the right to require an employer to promptly furnish them with payroll

records, information, data, reports and other documents reasonably relevant to and suitable for

the administration of the Trust Funds.  The Trustees for each Trust Fund have requested that

defendant make its payroll books and records available to an auditor retained by them in order to

determine whether defendant has paid all required fringe benefit contributions to the Trust Funds

for its employees performing work covered by the CBA.

Page 4 – **COMPLAINT**

11.     Defendant has refused to cooperate and grant the auditor retained by the Trustees for the Trust Funds access to all its payroll books and records that are necessary to determine whether defendant has paid all contractually required fringe benefit contributions for its employees performing work covered by the CBA. This action by defendant constitutes a breach of its CBA and a violation of the Trust Agreements that created the Trust Funds.

12.     Defendant should be required to produce all books, payroll records, information, data, reports and other documents necessary for the auditor retained by the Trustees of the Trust Funds to determine whether all contractually required fringe benefit contributions have been paid for defendant's employees who performed work covered by the CBA from May 13, 2019, through the date the field work for the payroll examination is performed.

13.     The Trustees of the Trust Funds have no plain, speedy or adequate remedy at law.

14.     The Trust Agreements that created the Trust Funds provide that the Trust Funds are entitled to recover a reasonable attorneys' fee from an employer such as defendant when litigation is necessary to require an employer to comply with the employer's obligations under the Trust Agreements.  Defendant should be required to pay the Trustees of the Trust Funds a reasonable attorneys' fee for the time spent compelling the payroll examination of its books and records.

15.     The Trustees of the Health Fund, Pension Fund, Apprenticeship Fund and Vacation Fund are also entitled to recover a reasonable attorneys' fee from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(1) of ERISA.

///      ///

///      ///

Page 5 – **COMPLAINT**

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1.    Requiring defendant to make available to the auditor selected by the Trustees of the Trust Funds all books, payroll records, information, data, reports and other documents necessary for the auditor to determine whether defendant has made all required fringe benefit contributions on behalf of its employees performing work covered by the CBA from May 13, 2019, through the date the field work for the payroll examination is performed;

2.    Providing that plaintiffs shall retain the right to conduct a future payroll examination of defendant's books and records in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendant to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

3.    Requiring defendant to pay the Trustees of the Trust Funds a reasonable attorneys' fee;

4.    Requiring defendant to pay plaintiffs' costs and disbursements incurred in this lawsuit; and

///      ///

///      ///

///      ///

Page 6 – **COMPLAINT**

5.      For such further relief as the Court deems just and equitable.

DATED this 29th day of January 2021.

                        **BROWNSTEIN RASK LLP**

                        _____
                        Cary R. Cadonau, OSB #002245
                        Attorney for Plaintiffs

Page 7 – **COMPLAINT**

BROWNSTEIN | RASK LLP
1 SW COLUMBIA STREET // SUITE 900
PORTLAND, OR 97204
P 503.221.1772 F 503.221.1074